U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUN 2 7 2008

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

**DALE HAYDEN**                                   **PLAINTIFF**

**VS.**                  **CASE NO. 08-4050**

**NEVADA COUNTY, ARKANSAS;**           **DEFENDANTS**
**ABB MORMON, INDIVIDUALLY**
**AND AS SHERIFF OF NEVADA**
**COUNTY, ARKANSAS; DANNY ROGERS,**
**INDIVIDUALLY AND AS DEPUTY**
**PROSECUTING ATTORNEY OF**
**NEVADA COUNTY**

### COMPLAINT

Comes the Plaintiff, Dale E. Hayden, by and through his attorney, Jack R. Kearney, and for his complaint states:

### Introduction

1.     This is an action brought pursuant to authority of 42 U.S.C. Secs. 1983 and 1985, the United States Constitution, Amendments 4 and 14, and other applicable Federal Statutes. Jurisdiction is sought pursuant to 28 U.S.C. Secs. 1331 and 1341. This action also includes pendant state claims as set forth herein.

### Parties

2.     Separate Defendant, Nevada County, Arkansas, is a corporate municipality and a political subdivision of the State of Arkansas, and is a person for the purposes of this action. Nevada County is governed by a legislative body, the Nevada County Quorum Court, whose duty it is to promulgate rules, regulations, policies and procedures to ensure that its citizens are protected from violation of their state, local, and Federal rights. Nevada County has as its' Chief Executive, the County Judge, who has the duty to supervise County agents and employees to ensure that they comply with state,

local, and Federal laws, in order to and preserve, protect, and uphold the rights of its citizens.

3.      Separate Defendant, Abb Morman was at all times relevant to this action, the duly elected Sheriff of Nevada County, and acted in respects as an agent of Nevada County, and in his own official and personal capacities. As such, he was the chief law enforcement officer and administrator in Nevada County, having the duty to ensure that the Constitutional rights of all citizens or persons in the custody of the county are not violated, except by due process of the law.

4.      Separate Defendant, Danny Rogers, was at all times relevant to this action Deputy Prosecuting Attorney for Nevada County, and acted in respects as an agent of Nevada County, and in his own official and personal capacities. As such, he had the duty to ensure that the Constitutional rights of all citizens or persons prosecuted under his authority were not violated, except by due process of law.

5.      Plaintiff, Dale Hayden (hereinafter, "Plaintiff" or "Hayden") is a 54-year old African American man, and has been a resident of Nevada County, Arkansas his entire life.

6.      All natural persons named herein are sued in their personal and official capacities.

Facts

7.      Throughout the times and events which constitute Plaintiff's complaint herein, and for a number of years prior, Dale Hayden suffered from chronic paranoid schizophrenia. Because of this condition, Hayden has been declared incompetent by medical professionals, and committed to the Arkansas State Hospital on a number of

occasions. The determination of his incompetence is recognized by the State of Arkansas as a bar to prosecution for criminal conduct.

8.    Separate Defendants Abb Morman and Danny Rodgers were aware, in fact, that Plaintiff suffered from a mental disability which constitutes both recognized incompetence, and a bar to criminal prosecution. Defendant Rogers had personally, in his capacity as Prosecuting Attorney, initiated a number of procedures under which Plaintiff was committed to the Arkansas State Hospital for mental evaluation, in lieu of prosecution. Rogers had a duty under Arkansas law, to know, and he did in fact know, that Plaintiff possessed protections against criminal prosecution because of his mental disability.

9.    On or about January 1, 1989, Mr. Hayden was arrested in Nevada County (namely Prescott), Arkansas and charged, by Defendant Rogers in his capacity as Deputy Prosecuting Attorney, with Terroristic Threatening in the first degree. Plaintiff was taken into custody and held for approximately 180 days, until July of that same year, when he was committed to the Arkansas State Hospital for a mental evaluation.

10.    Following several continuances in his criminal case, Plaintiff was returned to jail in Nevada County on December 14. Pursuant to state law, Plaintiff was detained under the supervision of Sheriff Abb Mormon. Plaintiff did not understand the charges against him, nor the reasons why he was being held. He repeatedly asserted this fact, and the fact that he suffered from a mental disability. Despite his assertions, Defendant Morman continued to hold Plaintiff in custody, and attempted to coerce Plaintiff to plead guilty to these charges, assuring him that doing so would result in only two years of probation, with no fines or further holding of Plaintiff. Defendant Morman had a duty

under Arkansas law to know, and he did in fact know, that Plaintiff possessed protections against criminal prosecution because of his mental disability. Furthermore, Defendant Morman did not possess training or authority under Arkansas law to give legal advice to defendants under his care or supervision.

11.     As a direct result of the misrepresentations made by Defendant Morman, on December 21, 1989 Plaintiff appeared in the Circuit Court of Nevada County to plead guilty to Terroristic Threatening in the first degree. Plaintiff pleaded guilty based only upon the advice given to him by Defendant Morman, despite maintaining knowledge and belief in his own innocence. Defendant Rogers, in his capacity as Deputy Prosecuting Attorney, accepted this plea, and recommended a sentence of five years probation with a five hundred dollar ($500) fine, and continued psychological counseling – despite his knowledge that Plaintiff had previously been declared incompetent. Plaintiff was sentenced to five years probation with a five hundred dollar ($500) fine.

12.     On April 15, 1992 Plaintiff was convicted of disorderly conduct and harassing communications, resulting in his probation being revoked on May 7 of that same year. Because of his previous plea, and sentence of probation, Plaintiff was sentenced to a term of five years imprisonment, and spent nineteen months in actual incarceration. As a direct result of the Defendants' actions, Plaintiff spent approximately 32 months in some form of imprisonment. Plaintiff suffered a deprivation of liberty and property, loss of time, humiliation and loss of esteem in the community, as well as serious, long term physical and mental pain. Furthermore, Plaintiff's mental disability was greatly exacerbated as a direct result of his prolonged incarceration.

13.    On December 27, 2006, pursuant to a "Petition for Writ of Error Coram Nobis To Set Aside Guilty Pleas", the Circuit Court of Nevada County, Arkansas rendered an Order finding that Plaintiff was "not competent to understand the proceedings against him at the time he entered his plea of guilty on December 21, 1989." The original charges filed against him were dismissed.

## Causes of Action

14.    The acts of separate Defendants Rogers and Morman, as alleged in paragraphs (7) through (13) above, committed under color of and authority as County Deputy Prosecuting Attorney and County Sheriff, respectively, constitute a violation of Plaintiff's rights, as guaranteed by the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C 1983, to be secure in his person and property, and to be allowed his right to due process and equal protection under the laws of the United States.

15.    Defendants' acts were malicious, willful, and were motivated by racial animus and reckless indifference to Plaintiff's rights.

16.    Defendant Nevada County, as a matter if policy and practice, failed to discipline, train or otherwise sanction county officials who violate the rights of citizens, thus encouraging other separate Defendants in this action to engage in the unlawful and actionable conduct alleged herein.

17.    Defendant Nevada County, as a matter of policy and practice, failed to train properly its police officers, including Defendant Morman, with respect to the Constitutional, statutory, and departmental limits of their authority, thus encouraging its officers to engage in unlawful and questionable conduct.

18.     As a result of Defendant Nevada County's policy and practice, Plaintiff
suffered a violation of his rights, as guaranteed by the Constitution of the United States,
to be secure in his person and property, and to be allowed his right to due process and
equal protection under the laws of the United States.

Pendant State Claims

19.     Plaintiff invokes authority of this Court to bring pendant state claims
against the Defendants, and in support thereof state:

20.     Plaintiff re-alleges paragraphs one (1) through eighteen (18) above.

21.     The conduct of Defendants Morman and Rogers, as set forth above,
constitutes the torts of intentional infliction of emotional harm, and outrageous conduct,
for which Defendants are liable to Plaintiff.

22.     The conduct of Defendant Morman also constitutes fraud, and false
imprisonment, for which Defendant is liable to Plaintiff.

23.     The acts alleged herein constitute a violation of the Arkansas Civil Rights
Statutes under Arkansas state law.

Remedies

24.     Plaintiff is entitled to declaratory judgment and injunctive relief against
the Defendants named herein in their individual and official capacities.

25.     Plaintiff is entitled to general damages for the violation of his
Constitutional rights; deprivation of liberty and property, loss of time, humiliation and
loss of esteem in the community, mental suffering, despair, somatic disorders, emotional
trauma, and exacerbation of his previous mental disability in the total sum of One Million
Dollars ($2,000,000.00).

26.     Plaintiff is entitled to judgment against separate Defendants Morman and Rogers in their individual capacities for punitive damages in the total sum of One Million Dollars ($2,000,000.00).

27.     Plaintiff is entitled to the costs of bringing this action, including reasonable attorneys' fees, and all other relief which the court deems appropriate.

28.     Plaintiff demands a trial by jury.

WHEREFOR, Plaintiff requests judgment against Defendants, jointly and severally, for violation of his constitutional rights, and for the pendant state tort claims alleged herein; for declaratory and injunctive relief prohibiting further such violations; for general and punitive damages; for costs of suit and reasonable attorney's fees; and for all other relief which may be just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully Submitted,

Jack R. Kearney, #77194
Attorney at Law
300 S. Spring St., Ste. 420
Little Rock, AR 72201
(501) 376-6511