IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DALE HAYDEN                                                                                   PLAINTIFF

VS.                                    CASE NO. 08-4050

NEVADA COUNTY, ARKANSAS,
*et al.,*                                                                                       DEFENDANTS

## MEMORANDUM OPINION

Before the Court is separate Defendant Danny Rogers's Motion to Dismiss. (Doc. 5). Plaintiff Dale Hayden responded. (Doc. 7). Defendant Rogers replied. (Doc. 9). The Court finds the matter ripe for consideration.

### BACKGROUND

Plaintiff claims that Defendant Rogers violated his Constitutional rights by charging him with and accepting his guilty plea to terroristic threatening even though Defendant Rogers was aware of Plaintiff's prior mental illness and incompetence. Plaintiff makes these claims against Defendant Rogers in is official capacity as deputy prosecuting attorney for Nevada County and also in his individual capacity. According to Plaintiff, he suffers from chronic paranoid schizophrenia. Plaintiff has been declared incompetent by medical professionals and has been committed to the Arkansas State Hospital many times prior to the incidents at issue here.

On January 1, 1989, Plaintiff was arrested in Nevada County. At this time, Defendant Rogers charged Plaintiff with terroristic threatening in the first degree. Plaintiff was held in custody for approximately 180 days and he was sent to the Arkansas State Hospital for a mental evaluation. Plaintiff was deemed competent to stand trial. Plaintiff was returned to the Nevada County Jail in

December 1989. According to Plaintiff, he did not understand the charges against him. On December 21, 1989, Plaintiff plead guilty to terroristic threatening in the first degree. Defendant Rogers, in his capacity as deputy prosecuting attorney, accepted Plaintiff's plea and recommended a sentence of five years probation with a $500 fine. This recommendation was accepted.

In April 1992, Plaintiff was arrested and convicted of disorderly conduct and harassing communications. Plaintiff's probation was revoked as a result of this conviction. Plaintiff was sentenced to five years imprisonment, and he served nineteen months of this sentence. The Court is unclear whether Defendant Rogers was the prosecuting attorney on this second conviction.

In December 2006, the Nevada County Circuit Court dismissed Plaintiff's 1989 charge of terroristic threatening. This dismissal was in response to a Petition for Writ of Error Coram Nobis to Set Aside Guilty Plea. The circuit court held that Plaintiff was not competent to understand his plea agreement in December 1989.

Subsequently, Plaintiff brought this action, pursuant to 42 U.S.C. section 1983, against Defendant Rogers in his individual and official capacity. Plaintiff alleges that Defendant Rogers violated Plaintiff's Fourth and Fourteenth Amendment rights by charging him with and accepting his plea of guilty for terroristic threatening. Plaintiff also makes state claims against Defendant Rogers. Plaintiff seeks declaratory and injunctive relief as well as one million dollars in monetary damages.[1] Defendant Rogers moves to have Plaintiff's Complaint dismissed pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

[1] The Court notes that it is unclear from Plaintiff's Complaint whether he is seeking one or two million dollars in damages.

STANDARD OF REVIEW

A motion to dismiss should be granted where the Court lacks subject matter jurisdiction of a matter or the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court assumes that all facts in a complaint are true when considering a motion to dismiss. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed. 2d 517 (1993). While the Court assumes the facts in a complaint are true, it is free to ignore "sweeping legal conclusions" and "unwarranted inferences." *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002). When evaluating a complaint**,** its legal sufficiency may be considered but not the weight of the evidence supporting it. *Id.* This Court will dismiss a complaint only if the plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face," thus Plaintiff must "nudge their claims across the line from conceivable to plausible" in order to avoid dismissal.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, __, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

DISCUSSION

I. Individual Capacity

Defendant Rogers asserts he has absolute prosecutorial immunity from suits for money damages, and this immunity is a complete bar to suits seeking damages against him in his individual capacity. A prosecutor does enjoy absolute immunity from civil liability under section 1983 for prosecutorial actions such as the initiation and pursuit of a criminal prosecution. *Anderson v. Larson,* 327 F.3d 762, 768 (8th Cir. 2003) (citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 268-71, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)). However, if the acts complained of fall outside of the prosecutorial duties and instead are of an investigatory or administrative nature, the prosecutor is only entitled to

3

qualified immunity. *Imbler v. Pachtman*, 424 U.S. 409, 420, 430-431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). To determine which type of immunity a prosecuting attorney is entitled, the Court must consider "the nature of the function performed, not the identity of the actor who performed it." *Anderson,* 327 F.3d at 768 (quoting *Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 55 (1987); *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266-67 (8th Cir. 1996)). It is the prosecutor seeking absolute immunity that has the burden of proving that absolute immunity is justified. *Anderson,* 327 F.3d at 768.

Here, Defendant Rogers argues that his actions fall within his prosecutorial duties and are protected under absolute immunity. Rogers points out that the *Imbler* Court declined to carve out an exception in absolute immunity for situations where a writ of habeas corpus has been issued. 424 U.S. at 428, n. 27. Defendant Rogers asserts that this same reasoning should be applied in cases such as this where a guilty plea has been overturned in a mandamus action. "A prosecutor does not, in a civil rights action for damages, have to defend prosecutorial mistakes if those mistakes occurred in the performance of a function recognized as inherent in the prosecutor's role as an advocate." *Myers v. Morris,* 810 F.2d 1437, 1446 (8th Cir. 1987) (overruled on other grounds). Absolute immunity protects prosecutors from liability for actions borne out of malice and even from allegations of abusive, illegal, or unethical conduct. *Id*. Plaintiff responds to the above assertions by pointing out that absolute immunity is limited to claims for money damages but not to claims for injunctive and declaratory relief. *Supreme Court of Va. v. Consumers Union,* 446 U.S. 719, 736-37, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980). It is Plaintiff's position that it would be inappropriate for the Court to dismiss his entire claim against Defendant Rogers because he seeks not only monetary damages but also injunctive and declaratory relief.

The ultimate question for the Court is whether the prosecutor has carried his burden of establishing that he was functioning as an advocate for the State and was acting within the scope of his prosecutorial duties when he engaged in the challenged conduct. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Plaintiff argues that Defendant Rogers should not have charged him with terroristic threatening because Defendant Rogers was aware that Plaintiff had previously been deemed mentally incompetent. Defendant Rogers asserts that his actions of charging Plaintiff with terroristic threatening was done in his role as an advocate for the State as prosecuting attorney. The Court agrees. A prosecutors activities in preparing and filing charging documents (motions for arrest warrant) are protected by absolute prosecutorial immunity. *Kalina v. Fletcher,* 522 U.S. 118, 128, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). Therefore, the Court finds that Defendant Rogers's action of charging Plaintiff with terroristic threatening is protected by absolute immunity.

The issue of Defendant Rogers's activities regarding the plea agreement is slightly more complex. In *Imbler*, the Supreme Court stated that a prosecutor is absolutely immune from claims for damages arising out of prosecutorial duties that are "intimately associated with the judicial phase of the criminal process." 427 U.S. at 430. The *Imbler* Court went on to state that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom" and these actions are nonetheless entitled to absolute immunity. *Id.* at 431, n. 33. In *Buckley,* the Supreme Court stated that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." 509 U.S. at 273. The Court is unable to find an enumerate list of actions that fall within the scope


of prosecutorial duties. However, several circuit courts have addressed this issue of plea agreements in this context. The Second Circuit held that a prosecutor's plea bargaining actions are protected by absolute immunity because a "plea negotiation is an 'essential component' of our system of criminal justice." *Taylor v. Kavanagh,* 640 F.2d 450, 453 (2d Cir. 1981) (quoting *Santobello v. New York,* 404 U.S. 257, 260, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)). The Fifth Circuit held that a prosecutor's involvement in obtaining a guilty plea is associated with the judicial phase of the criminal process. *See Humbel v. Foreman,* 563 F.2d 780, 781 (5th Cir. 1977) (overruled on other grounds). The *Humbel* court reasoned that plea bargaining activities are "intimately associated with the judicial phase of the criminal process." *Id.* (quoting *Imbler,* 424 U.S. at 430). The Tenth Circuit held that an agreement between a prosecutor and a police officer requiring the police officer to resign instead of face perjury charges was analogous to a plea bargain and thus within the scope of prosecutorial duties. *See Arnold v. McClain,* 926 F.2d 963, 967 (10th Cir. 1991). The Court is persuaded by the above authority and finds that Defendant Rogers's activities associated with entering a plea bargain with Plaintiff are protected by absolute immunity.

Defendant Rogers has met his burden of proving to the Court his actions are protected by absolute immunity. This absolute immunity renders the parties arguments regarding Defendant Rogers's duty, or lack thereof, to acknowledge that Plaintiff had been previously deemed mentally incompetent irrelevant. As stated above, absolute immunity protects prosecutors from liability for actions borne out of malice, and even from allegations of abusive, illegal, or unethical conduct. *Myers,* 810 F.2d at 1446. For these reasons, the Court finds that Plaintiff's section 1983 claims for monetary damages against Defendant Rogers are barred by Defendant Rogers's absolute immunity as deputy prosecutor for Nevada County.

Plaintiff argues that because he also seeks declaratory and injunctive relief against Defendant Rogers that the Court should not dismiss his claim based on absolute immunity. Prosecutors may be sued for injunctive relief, since they are state officers who threaten to enforce and who do enforce the law. *Supreme Court of Va.,* 446 U.S. at 736-37. If prosecutors cannot be susceptible to declaratory relief, then putative plaintiffs would have to await the institution of state-court proceedings against them in order to assert their federal constitutional claims. *Id.* The Plaintiff is correct in his assertion that absolute immunity does not protect a prosecutor from claims for injunctive relief. *See Pulliam v. Allen,* 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). However, to be entitled to equitable relief Plaintiff must show "he lacks an adequate remedy at law and that absent injunctive relief he will suffer irreparable harm." *Bonner v. Circuit Court of City of St. Louis, Mo.,* 526 F.2d 1331, 1336 (8th Cir. 1975) (citing *Allee v. Medrano,* 416 U.S. 802, 814, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974)).

Plaintiff can make no such showing here. First, the Nevada County Circuit Court, in December 2006, dismissed the 1989 terroristic threatening charge holding Plaintiff was not competent to enter into the plea agreement. This shows the Court that there is an adequate remedy at law and Plaintiff has already been afforded it. In addition, Plaintiff has made no allegation that he will suffer irreparable harm if the Court does not grant him an injunction. Plaintiff has already been injured and an injunction would be futile at this point. Lastly, the Court is unclear as to what Plaintiff is asking the Court to enjoin. The Court faces the same clarity issues with Plaintiff's request for declaratory relief. The Court cannot determine what declaratory relief Plaintiff is seeking or what declaratory relief would redress Plaintiff's claims. Consequently, the Court finds that Plaintiff's claims for injunctive and declaratory relief must fail as a matter of law.

II. Official Capacity

The Court now address Plaintiff's claims against Defendant Rogers in his official capacity. Defendant Rogers asserts that the Eleventh Amendment bars suit, for monetary damages, against him in his official capacity because he is a state employee and thus shares the State's immunity. The Eleventh Amendment bars a damages action against a State in federal court, as well as a damage actions against a state official. *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 309, 87 L.Ed.2d 114 (1985). Therefore, pursuant to the Eleventh Amendment, Plaintiff's federal claims for monetary damages against Defendant Rogers in his official capacity are barred. *Murphy v. State of Ark.,* 127 F.3d 750, 754 (8th Cir. 1997).

Plaintiff asserts that the immunity afforded by the Eleventh Amendment to the State does not extend to individuals, or to suits for prospective relief against individuals in their official capacity. *Will v. Michigan Department of Social Services,* 491 U.S. 58, 71, n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The Supreme Court in *Will* stated that when a state official is sued in his official capacity for injunctive relief, he is a person under section 1983. *Id.* (quoting *Graham,* 473 U.S. at 167, n. 14). Plaintiff is correct that the Eleventh Amendment bar of jurisdiction does not extend to individuals sued in their official capacity for injunctive relief. *Murphy,* 127 F.3d at 754. However, for the same reasons explained above, Plaintiff has not shown his claims for injunctive or declaratory relief are plausible. For these reasons, the Court finds that Plaintiff's claims for injunctive and declaratory relief against Defendant Rogers in his official capacity must fail as a matter of law.

III. State Claims

Plaintiff's remaining claims are pendent state claims and the Court declines to exercise jurisdiction over them. 28 U.S.C. § 1367(c)(3). Generally when federal claims are dismissed, the

balance of interests "will point toward declining to exercise jurisdiction over the remaining state law claims." *In re Canadian Import Antitrust Litigation,* 470 F.3d 785, 792 (8th Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d (1988)). The "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## CONCLUSION

The Court, considering all the facts alleged by Plaintiff in his Complaint as true, finds that Plaintiff's section 1983 claims against separate Defendant Rogers in his individual and official capacity must fail as a matter of law, and that the Court will not exersise jurisdiction over Plaintiff's pendant state claims. For the above reasons, separate Defendant Danny Rogers's Motion to Dismiss is **GRANTED**. Plaintiff's Constitutional violation claims, brought pursuant to 42 U.S.C. section 1983, against Defendant Rogers in his individual and official capacity are dismissed with prejudice. Plaintiff's pendent state claims are dismissed without prejudice.

IT IS SO ORDERED, this 6th day of March, 2009.

/s/ Harry F. Barnes  
Hon. Harry F. Barnes  
United States District Judge